UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD NIEDZIEJKO

        Plaintiff,      1:18-CV-0675
                   (GTS/CFH)
v.

DELAWARE & HUDSON
RY. CO., INC.
d/b/a Canadian Pac. Ry.

        Defendant.
_____

APPEARANCES:                OF COUNSEL:

JERRY MARTILLOTTI & ASSOCIATES, PC   GERARD J. MARTILLOTTII, ESQ.
 Counsel for Plaintiff
4221 Ridge Avenue, P.O. Box 18509
Philadelphia, Pennsylvania 19129

BOND, SCHOENECK & KING, PLLC     MICHAEL D. BILLOK, ESQ.
 Counsel for Defendant
22 Corporate Woods Boulevard, Suite 501
Albany, New York 12211

STINSON LEONARD STREET LLP      TRACEY H. DONESKY, ESQ.
 Co-Counsel for Defendant          NICOLE FAULKNER, ESQ.
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

  Currently before the Court, in this Federal Railroad Safety Act ("FRSA") action filed by

Edward Niedziejko ("Plaintiff") against the Delaware & Hudson Railway Company, Inc., doing

business as Canadian Pacific Railway ("Defendant"), is Defendant's post-judgment request for

costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice

for this Court. (Dkt. No. 35.) For the reasons set forth below, Defendant's request is granted in part and denied in part.

## I.  THE PARTIES' BRIEFING ON DEFENDANT'S REQUEST FOR COSTS

### A.  Defendant's Request for Costs

Generally, in its timely request, Defendant argues that it incurred reasonable costs in the amount of three thousand three hundred seventy-three dollars and five cents ($3,373.05) before judgment was entered in its favor. (*Id.*) Defendant argues that these costs were incurred during the depositions of Kevin Seymour and Dennis Szymaszek on February 16, 2018, and the deposition of Plaintiff on February 27, 2018. (Dkt. No. 35, Attach. 1.)

### B.  Plaintiff's Opposition

Generally, in response to Defendant's request, Plaintiff asserts two arguments against being taxed any costs: (1) taxing costs would cause financial difficulties to Plaintiff; and (2) taxing costs to Plaintiff may have a chilling effect on future plaintiffs, and the purpose of the FRSA is to encourage plaintiffs to seek judicial assistance if they are having workplace issues while employed by a railway. (Dkt. No. 36 at 2.)

In addition, Plaintiff objects to the following five specific costs: (1) one hundred and fifty dollars ($150.00) for a conference room incurred during the deposition of Plaintiff, which is not taxable pursuant to 28 U.S.C. § 1920(2) or the Local Guidelines for Bills of Costs ("Local Guidelines"); (2) one hundred dollars ($100.00) for a conference call service incurred during Plaintiff's deposition, which is prohibited by Local Guideline II.D.2; (3) one hundred and fifty dollars ($150.00) for attendance wait time incurred during Plaintiff's deposition, which was caused by Defendant's counsel's tardiness; (4) twenty dollars ($20.00) for postage, which is not

2

taxable according to Local Guideline II.D.2; and (5) seven dollars and forty-six cents ($7.46) per page for an expedited transcript of the deposition of Plaintiff, which should be reduced to three dollars and sixty-five cents ($3.65) per page (the maximum rate for ordinary transcript service to be charged by official court reporters for the Northern District of New York) because expedited transcript services cannot be taxed pursuant to Local Guideline II.D.2.a., where, as here, expedition is solely for the convenience of counsel and without prior court approval. (*Id.* at 3-5.)

### C. Defendant's Reply

Generally, in its reply, Defendant asserts three arguments: (1) Plaintiff offers no specific evidence or facts to support his claim of financial difficulty other than his assertion that he spent some time out of work after being terminated by Defendant, although he is currently employed; (2) the Court should consider that taxing costs may have a desirable deterrent effect against unmeritorious claims; and (3) with regard to Plaintiff's specific objections, (a) in its Bill of Costs calculation, Defendant did not include the conference call service fees, attendance waiting fees, or postage fees, (b) the Local Guidelines merely provide a list of the "most commonly taxable" costs, and even though conference room fees are not enumerated in Local Guideline II.D.1, they may still be taxed under 28 U.S.C. § 1920(2), and (c) the expedited deposition transcript was not procured solely for the convenience of counsel because Plaintiff's deposition occurred only eight days before a dispositive motion deadline, which necessitated expedition of his transcript. (Dkt. No. 37.)

## II. GOVERNING LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to

3

the prevailing party." The costs a prevailing party may recover include fees for transcripts necessarily obtained for use in the case, and fees for copies necessarily obtained for use in the case. 28 U.S.C. § 1920.

Where a bill of cost is challenged, "[a] district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.'" *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 [1964]), *abrogated by Bruce v. Samuels*, 136 S.Ct. 627 (2016). In exercising this discretion however, it must be recognized that a cost "award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270 (citing *Mercy v. County of Suffolk*, 748 F.2d 52, 54 [2d Cir. 1984]). Thus, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of . . . the losing party's limited financial resources." (*Id.*) (citations omitted). By extension, "the party asserting a lack of funds must demonstrate his indigency." *McGuigan v. CAE Link Corp*, 155 F.R.D 31, 34 (N.D.N.Y. 1994) (McAvoy, C.J.). Though the losing party's financial resources may be considered, "indigency *per se* does not preclude an award of costs against an unsuccessful litigant[.]" *Whitfield* 241 F.3d at 270.

### III.    ANALYSIS

After carefully considering the matter, the Court finds that Defendant is entitled to most of the costs it requested for the reasons stated in its requesting papers. (Dkt. No. 35 [Def.'s Mot. for Bill of Costs]; Dkt. No. 37 [Def.'s Reply].) *See also, supra,* Part I of this Decision and Order. To those reasons, the Court adds only three points.

First, Plaintiff has not provided sufficient facts or evidence of financial hardship to warrant discretionary relief. Plaintiff was employed at the time of his response and did not provide any information about the extent of time he was out of work. As a result, the Court finds that Plaintiff has not met his burden to establish that he is entitled to an exception to the normal rule of taxation.

Second, the conference room fee incurred with regard to Plaintiff's deposition is taxable under 28 U.S.C. § 1920(2). *See Gemveto Jewelry Co. Inc. v. Jeff Cooper Inc.*, 81-CV-3447, 1990 U.S. Dist. LEXIS 763, at *6 (S.D.N.Y. Jan. 25, 1990) ("[I]t is within the discretion of the district court to allow as costs and expenses incurred in taking a deposition, as long as the deposition appeared to be reasonably necessary when it is taken."). The Local Guidelines do not limit fees taxable under Section 1920(2) to only the fees enumerated in Local Guideline II.D.1. Rather, Local Guideline II.D.1. expressly states that it is setting forth a list of fees that are merely "the most commonly taxable court reporter fees." The standard announced in 28 U.S.C. § 1920(2) is that fees for transcripts "necessarily obtained for use in the case" are taxable; and the use of a conference room in this instance was for a necessary deposition transcript. *See, e.g., Jarvis v. Ford*, 92-CV-2900, 2003 WL 1484370 (S.D.N.Y. March 21, 2003) (granting $464.56 in costs pursuant to § 1920, for a conference room used during the deposition of a non-party that was deemed necessary).

Third, though the Court finds that the fee for expedited transcript service for the deposition of Plaintiff was not incurred "solely for the convenience of counsel," it was excessive and should be reduced. The temporal proximity of the dipositive motion deadline sufficiently distinguishes this expedited transcript fee from those prohibited by Local Guideline II.D.2.;

however, the Local Guidelines still advise that taxable transcript fees should be "reasonable[.]" To determine what is reasonable, the Local Guidelines state that the District's Official Court Reporter rates should be considered, and are presumed reasonable. Local Guideline II.D.1., note 2.

Plaintiff's proposed rate of three dollars and sixty-five cents ($3.65) per page is the District's Official Court Reporters' maximum rate for thirty-day transcript service. Defendant's counsel reasonably requested faster delivery and therefore, more expensive service, to meet the dispositive motion deadline. However, the seven dollars and forty-six cents ($7.46) per page rate that Defendant's counsel paid is greater than even the District's Official Court Reporters' maximum rate of seven dollars and twenty-five cents ($7.25) per page for two-hour expedited transcript service. The deposition of Plaintiff began 9:56 a.m. on Tuesday, February 27, 2018, and ended the same day. (Dkt. No. 18, Attach. 12.) Defendant's motion for summary judgment was due by Wednesday, March 7, 2018. (Dkt. No. 15, at 38.) Under these circumstances, a rate commensurate with next-day expedited service would have been appropriate.

The District's Official Court Reporters' maximum rate for next day service is six dollars and five cents ($6.05) per page. As a result, Defendant will be reimbursed two-thousand twenty dollars and seventy cents ($2,020.70) for the deposition transcript of Plaintiff (calculated by the rate of $6.05 per page and 334 pages). The Court exercises its discretion to award such a reduction, as it has previously done with regard to excessive fees. *See Hofler v. Family of Woodstock, Inc.*, 07-CV-1055, 2012 WL 527668 (N.D.N.Y. Feb. 17, 2012) (McAvoy, J.) (reducing expedited transcript fees to an ordinary rate commensurate with a "more frugal and reasonable procedure" of acquiring the transcript); *Meacham v. Knolls Atomic Power Lab.*, 185

F. Supp. 2d 193, 244 (N.D.N.Y. 2002) (Homer, M.J.) (reducing the taxation of photocopying expenses due to a lack of justification for the rate charged), *vacated on other grounds*, 461 F.3d 134 (2d Cir. 2006); *Hogan v. General Elec. Co.*, 144 F. Supp. 2d 138, 144 (N.D.N.Y. 2001) (Hurd, J.) (reducing the taxation of photocopying expenses merely because the rate charged was excessive). Thus, the total Bill of Costs is reduced to two thousand nine hundred and one dollars and seventy-five cents ($2,901.75).[1]

**ACCORDINGLY**, it is

**ORDERED** that Defendant's post-judgment request for costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice for this Court (Dkt. No. 35) is **GRANTED in part and DENIED in part**, such that costs are awarded to Defendant in the amount of **TWO THOUSAND NINE HUNDRED ONE DOLLARS AND SEVENTY-FIVE CENTS ($2,901.75).**

Dated: July 2, 2019
   Syracuse, NY

                  _____
                  Hon. Glenn T. Suddaby
                  Chief U.S. District Judge

---

[1] The Court reaches this amount based on the transcript fee for Plaintiff's deposition ($2,020.70), the conference room fee ($150.00), the exhibit copies fee ($317.40), and the fees for the depositions of Kevin Seymour and Dennis Szymaszek ($413.65).